## W. H. CURTIS V. THE STATE.

No. 20434. Delivered May 24, 1939.

The opinion states the case.

*E. T. Adams,* of Glen Rose, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Judge.

Conviction is for injuring personal property, punishment being a fine of five dollars.

Prosecution was under Art. 1350 P. C. as amended in 1927 by the 40th Legislature, page 254, Ch. 176. The amended Act reads as follows:

"* * * if any person shall wilfully or mischievously injure or destroy any real or personal property of any description whatever in such manner as that the injury does not come within any of the offenses otherwise provided for by this Code * * * he shall be fined not exceeding one thousand dollars; provided that when the value of the property injured is fifty dollars or less, then he shall be fined not exceeding two hundred dollars."

The particular thing charged against appellant as being violative of such act was substantially that he "wilfully and mischievously injured a passenger motor car" belonging to S. W. Marsh by backing a truck into and against the said passenger car, and while the truck was against said car causing it to vibrate, and some portion of the truck "cut, scratched and rubbed the enamel and paint off of some portion" of said car.

The evidence shows that Marsh and appellant had places of business adjoining. The Marsh car was parked in front of the places of business when appellant backed his truck into the curb to load it. The vibration was caused by the movement of the bed of the truck up and down as it was being loaded. The State's evidence showed that as the truck was backed in the corner of the bed went against the fender of the car and that the vibration mentioned rubbed the enamel and paint off the fender in a place about two and one-half inches long and one-half inch wide. Appellant's evidence was to the effect that his truck was not against the Marsh car while the truck was being loaded, but that as he was moving out with the truck he was stopped by an Inspector who wanted to examine his records, and that appellant let his truck roll back towards the curb and that it went against the fender of the car. Appellant testified that he knew when he backed into the car after it was done, but did not know any injury was caused until he later saw the position of the cars.

A bill of exception brings forward complaint of the argument of the County Attorney as follows: "Why Gentlemen of the Jury, before I filed this case I got Mr. Curtis in my office and tried to get him to make the damages good to Mr. Marsh's

car so I would not have to file this case and it would not have taken seventy five cents worth of paint to do it."

The objection was that the statement was unsworn testimony and prejudicial and calculated to injure appellant. The court of his own motion instructed the jury not to consider the remarks, but appellant insists that the instruction could not cure the error. We are inclined to agree with him. Appellant's carelessness and negligence may have caused the slight injury shown and the jury may have thought from the remarks of the County Attorney that he ought to be penalized for not paying for it, but unless the injury resulted from an act done by appellant wilfully or mischievously, he would not be guilty under the statute here invoked. The court so told the jury, but the remark of the prosecuting officer was unfortunate and without support in the evidence. The case is so close on the facts it may have contributed to bring about the conviction.

The judgment is reversed and the cause remanded.